Good morning, Your Honors. May it please the Court, Deputy Attorney General Elizabeth Voorhees on behalf of Appellant. As I will discuss in chronological order, it is basically Appellant's position that first, the state court treatment of Appellee's constitutional claim engenders defense under ADECA. Second, that the state court's rejection of that claim was neither contrary to nor an unreasonable application of clearly established federal law. And three, he then, assuming constitutional error, that error was harmless under BRACT. The recent Supreme Court case of Harrington v. Richter affirms that the constitutional claim that was before the California Court of Appeal was adjudicated on the merits within the meaning of Section 2254d, and the state court's decision is therefore entitled to deference. Harrington emphasized that when, for purposes of defining when a claim is adjudicated on the merits, it's really quite simple. When the federal claim is presented to the state court and relief is denied, it's presumed that that denial is based on the merits unless there is an indication or a statutorily imposed procedural bar that shows to the contrary. There is, in this case, no indication that the court did anything other than address  The fact that the state court may not have given the question the attention that appellee thinks that it deserved or engaged in extended analysis or cited to federal precedent or even set forth a well-reasoned decision does not mean that the state claim was not adjudicated on the merits. All right, so which state court decision do you believe we should be evaluating, the Court of Appeals or the trial court? It appears that the Court of Appeals' opinion constitutes a last-reasoned decision on the issue. All right, so the Court of Appeals says that Davidson, though clearly raising a claim under the Confrontation Clause, is in fact mischaracterizing the issue as a constitutional claim, and they're going to evaluate it basically as a state claim that a mistrial should have been granted. I'm sorry, what was the last part of your sentence? So they decide it's basically a claim. They treat it as though it's a claim that there should have been a mistrial. And then they decide it under state law, and I guess my question is, can you really say they addressed the constitutional claim if they take it, mischaracterize it, or say that they re-characterize it, and then say, we're going to characterize it as one under state law, and under state law, here's how we're going to roll on that claim? Well, it's a tough one, following Harrington v. Richter, because they gave reasons. If you're going to look at a merit versus procedural decision, there's reasons. But did they really address his claim? Well, that is a valid question. And I think that there's no doubt that they addressed his claim in the sense that it was before the court. The court recognized it expressly, St. Davidson contends, that it's constitutional violation of the Confrontation Clause due to his inability to confront and cross-examine the victim, and found that there was, and tacitly found that there was no confrontation clause issue. Well, wait a second. I thought even the State acknowledges there's a Confrontation Clause issue in the sense that if the testimony had not been stricken, nor a mistrial declared, then there's an obvious Confrontation Clause problem. The question, as I understood it, is how to remedy or cure the Confrontation Clause problem. Is striking the testimony sufficient, or do you need a mistrial? So everyone, I thought, agreed, yes, there's an initial Confrontation Clause problem. The question here is the proper remedy for that problem. Is it enough to strike, or do you need to do a mistrial? And that's where Bruton kicks in, right? Well, I think that I'm differentiating between a Confrontation Clause problem, which was before the court, and a violation. If the court had admitted that ---- Well, it's cured by the, yes. I guess you can be on the head of the pin how you characterize it, and I guess this is some of the confusion in reading the Court of Appeal decision. But my understanding was it would be a violation to have the victim testify indirect and not on cross. Okay, everyone agrees with that. The question then is remedy. How do you cure the violation? Do you have to declare mistrial, or is it enough to strike? And that's what I understand the Court of Appeal to be doing when it went on to its lengthier discussion, although it never cited Bruton, which would have been helpful, obviously. Well, actually, I believe what the Court said was not how do I cure, how do we cure the error, cure the violation, but how do we prevent it? Because the Court said, boy, if we admit this evidence ---- Well, okay, that's another way to characterize it. But in other words, I understood the whole issue to be striking versus mistrial. Is striking enough or do you need a mistrial? And I understood the whole argument to be based on Bruton. A fortiori applies by, as a matter of logic here, even if there's no precedent on point, the logic of it applies here. Well, the reason I believe that the ---- The State Court of Appeal then addresses that on the merits, I guess, although, again, it doesn't cite Bruton, which I think, as Judge Wardlaw points out, that if there had been another sentence in there or paragraph saying they raised an argument under Bruton, but that doesn't work for the following reason, that would have made our lives easier in trying to figure out whether it was on the merits. But if we do differentiate between preventing a confrontation clause violation and curing one, then actually the court of appeals' opinion makes a little more sense, because from their angle, they're looking at this saying confrontation clause violation, well, why is there a problem here? Because we thwarted that by ---- Right. But you're looking at it from the events that have already occurred, and I think why we have to look at it is the events as they were occurring. The confrontation clause problem existed at the point where the victim who had already implicated Davidson had suddenly become nonresponsive. All right. We've got a confrontation clause problem. I think the trial court recognized that. Correct. Okay. So there was a problem. Then the next question is how do we deal with it? Correct. Okay. So at the trial court level, the trial court thought it could eradicate the problem by striking the testimony as opposed to granting a mistrial. The court of appeals says, well, there's not really a question of a confrontation clause because the testimony was stricken, so there was no testimony at all, which really misses the thrust of the argument because the argument that Davidson's making is that you can't unring this particular bell. You cannot have the victim get up and testify that these things happened and then strike the testimony and the confrontation clause problem disappears. True, but, Your Honor, that's exactly the analysis that's used in determining whether the striking of the challenge testimony would be sufficient or whether a mistrial is required. But when we throw Bruton into the mix, well, that's a bit confounding, actually, because Bruton involves the sufficiency of a limiting instruction when evidence is before the jury but it is admissible only as to one defendant and not admissible as to a recorded defendant. But here the court was saying, well, why on earth would Bruton? Well, a more thorough analysis might have been by the court of appeal not just whether a mistrial was required but whether the limiting instruction eliminated the confrontation clause problem in this case because in this case the only firsthand witness was the victim and all the other testimony came from people who were reporting what the victim said after the incident. Or correct me, was there any physical evidence or anything else other than that? Other than the victim's statement and then the statements, the testimony of people who, when the victim ran out of the room and said he touched me or whatever she said and they all said this happened. Was there anything else that incriminated him? Well, there was defendant's own testimony on the stand. That was obviously disbelieved by the jury. There was the, not just the fact of his prior sex offense conviction, but also the similarity between the victims, the vulnerable victims in that case and this case, and the preposterous. Do I have this evidentiary role incorrect that you can't use prior bad acts to prove a bad act on a particular occasion? Under, no, the prior sex offense was admissible as substantive evidence. Under California Evidence Code Section 1108. Okay, the prior conviction was. Correct. Once he testified, you could admit that. The prior sex, correct. Okay. So, yes, that was, that evidence was appropriate for the jury to consider it, to consider, and it was damning. So, looking at the totality of the evidence, actually, the fleeting and stricken testimony of the victim was not just cumulative. Fleeting. Well, look, it was a rambling monologue. She was on the stand. It wasn't like it was protracted, in-depth, cogent. No, I know, but it's the central part of the trial. And Bruton's turning now to whether it's contrary to Bruton or whether Bruton can be extended to this case, even assuming the deferential standard of Ed Pope was. Bruton's about the extreme prejudice that results from a co-defendant's admission, right? And it says striking it, in that circumstance, striking it's not good enough. It has to be. Correct. It can't come in or mistrial. Here, as the trial judge said, this is not just unringing the bell. This is a crescendo of cannons, when you have the victims unringing a crescendo of cannons. It isn't that right that if you analogize to Bruton, it's also a very, very prejudicial thing to have in there, just like a co-defendant's admission. And, by the way, I'll point out, although there's no case that's extended Bruton this far, I've found no case that doesn't extend Bruton to this kind of precise factual circumstance, which suggests that, obviously, this kind of thing doesn't arise very often, and when it does, it probably does end in mistrials. I was going to suggest that probably most judges in those circumstances would have granted a mistrial. Perhaps. But, okay, there are – I would like to address what you just said, but can I – Isn't the logic of Bruton apply here? The logic of Bruton, as the Ninth Circuit said in too late the board, the narrow exception that Bruton carves out to the general rule that juries are presumed to follow court's instruction, it pertains to confessions. And the court in too late specifically stated that it is the special difficulty – I'm sorry – it's the special difficulty that a – that's presented by a confession, be it a defendant's own confession or the confession of a co-defendant that implicates, you know, both parties, that allows for the exception. That does – a victim's testimony as a general rule does not – does not implicate the same constitutional concerns. I mean, we could have a victim, say, a victim of identity theft, who doesn't even know who the defendant is, is just, you know, getting up there and testifying to what happened to her. A victim in a sex abuse case, that's – you know, that's a little different. It just seems central to the whole thing. But we also have to look at the forum that we're in. Your Honor is correct. The court – would it have been better had the California Court of Appeal addressed the constitutional issue in a better, a more reason – a more coherent way? Absolutely. But that doesn't mean, given the confines of the forum in which we're in, given the – given the deference standards, given the caution by the U.S. Supreme Court, in Harrington v. Bruton, saying, look, this is a very, very – this is – under only extreme circumstances can we – can we allow for the granting of a habeas writ, then the answer is, yes, in this forum it is. The issue has been adjudicated under the merits. And, yes, in this – and, no, in this forum, the – Bruton does not constitute governing law. And it's not – you know, it does not squarely address the issue that's presented in this case. All right, counsel. I think we – I think we understand. And you're over your time. Oh, I'm sorry. It's all right. It's just that it's getting really late, and we have another case after you. And I bet you're hungry, too. Isn't it past noon? I'm not that hungry. I'm just actually – you want me to give you 100 percent of my attention, so. Well, thank you very much. Thank you. Good afternoon, Your Honors. Jerry Wallingford, appearing with Mr. Davidson. I would like to – I think I'll start by addressing some of the questions that the Court asked of the Attorney General. Judge Wardlaw asked if there was any physical evidence in this case. And I think the short answer to that is no, that it was all circumstantial. And as the district judge said, it was – the circumstantial evidence could be explained in different ways or understood in different ways. And so not as strong, I think, as the Attorney General would like to argue. And I also think it's clear that we look back to the Court of Appeal opinion in the California courts, not to the trial court. I don't think there's any authority that would allow looking back to the trial court. Judge Wardlaw asked did the California Court of Appeal address the issue that was raised by Mr. Davidson in the trial court. And the Court has pointed out the language where the Court of Appeal said we disagree with Davidson's characterization of the issue. And my opening brief that I filed in the Court of Appeal is in the excerpts of record around pages 382 to 388. And I think you can fairly characterize that issue as being did the judge even have discretion, did the trial judge even have discretion to strike this testimony and tell the jury not to? As opposed to declaring a mistrial. As opposed to a mistrial. Okay. And the California Court of Appeal then says the issue on appeal is whether the Court abused its discretion and wanted to deny Davidson's motion for a mistrial, which seems to me the exact issue you raised.  And then it goes on. I threw the next thing out of my mouth. It was just the exact opposite. To say, for them to say. No, it's the issue you raised, isn't it? You argued there should have been a mistrial instead of striking. Correct. Okay. Maybe I misunderstood what you said. And the California Court of Appeal says the issue is whether the court, the trial court abused its discretion when it denied the motion for mistrial. And, yes. So my argument basically is the Court of Appeal under these facts, in a case that analogizes to Bruton the way this one does, that the trial court had no discretion. Okay. But it analyzed the issue. It just came out, then goes on for a couple pages to analyze that issue of whether there should have been a mistrial. And now it doesn't cite Bruton, but it does analyze some State cases. Isn't that on the merits? And it's not on the merits, Your Honor. And I would say that it's not on the merits for a couple of reasons, one being they say we disagree with Davidson's characterization. But I think more important is where they say the issue on appeal is whether the court abused its discretion. And the question that they really should have been addressing, if they were addressing the argument that I made, is whether the trial court had discretion. Well, yeah. If I erred, it probably would have been better than abused its discretion. But they did say abused discretion. And to me, that means they are, it's like a direct statement that they are not considering the issue that I raised. Well, okay. It seems like, I guess I'm saying the same thing, but it seems like the issue you raised was the cure that the trial court came up with for the confrontation clause problem, namely striking the testimony, was insufficient to cure because you can't unring the bell in this kind of explosive situation. Therefore, it should have been a mistrial. I think I'd go just a word or two further and say not that it did a cure, but did the court even, is it even a choice that the trial court has in this very narrow situation? And I thought the California Court of Appeals said it is okay to just strike the testimony in these circumstances. Cites precedent from the California courts and others. Talks about the trial court's analysis of the, of the specific facts here. It's on ER 67. And then says, therefore, based on everything we find, we believe the court's decision to strike and to strongly admonish the jury was a reasonable response to Melissa's non-cooperation. We therefore, not therefore, we do not find any abuse of discretion in the court's decision thereafter to deny Davidson's motion for a mistrial, which, again, is exactly your argument, right? You wanted a mistrial. Yes, we wanted a mistrial. But the court is not just looking at did the judge have discretion to take, to use a different analysis here and use a different, provide a different remedy. My argument is that that was not a choice here. Okay. Can I ask another question, which is, this Court has characterized on, in thinking about the on the merits determination, that either the State court addressed it substantively or it's a procedural bar. There's Lambert and other cases. There's no procedural bar that could conceivably be relevant here. So doesn't that mean, ergo, it's on the merits. It was addressing the substance. I think those procedural bar cases have their genesis in decisions that go back far before AEDPA and the cases that sort of gave birth to AEDPA. But they've been applied post-AEDPA, Lambert's 2004, I think. They have been applied, but I don't think they applied to this situation. And that's, I think that's my point. Okay. One other question, which is, assume the AEDPA standard does apply, and then the question is, was the application of Bruton here unreasonable or was contrary to Bruton? What do we do with the fact that Bruton's never been extended beyond the co-defendant admission scenario? That's one reason why I'm arguing hard for the other standard. For the other standard, yeah. And I think that's one of the reasons why the district court judge decided the case the way he did, because he saw that the decision of the court of appeal didn't address the question that had been asked. Well, I think the district court judge probably also sensed something I conclude and I think Judge Wardlog alluded to, that most judges probably would have declared a mistrial in these circumstances. Which is something that Mr. Muir, the trial attorney, and I have talked about many times, that why is there no authority here? And because, obviously, this happens. It doesn't happen often, but it surely happens. That's why, I mean, you know, the AEDPA standard, we have to apply it. It has to be clearly established federal law that the decision undercut. But in a case like this, you probably wouldn't even get clearly established federal law, because most judges would have granted a mistrial. So it's kind of a catch-22. I mean, it is a catch-22 in that there, yes, the AEDPA requires federal court authority, Supreme Court authority. And we don't have that here. But the district judge didn't address the deferential parts of AEDPA here because he believed he didn't have to. But if you look at page, I think it's page 6 of his opinion, footnote 3, he does suggest, and I will, I use that advisingly, but he does suggest in that footnote, and his language isn't just right on point, that he might, if he were considering whether this was, violated the deferential rules in 2254d, that he would consider finding that this was either contrary to or unreasonable application of. He doesn't develop that, of course, because as the way he viewed the case, he didn't have to. But I would take from that footnote that if that was the position to take, it probably should go back to the district judge to see how he would rule on that before you rule. I think the problem is that Harrington v. Richter came down after the district judge's decision and may have been, would have influenced, I think, how he looked at the question of whether there was a judgment on the merits. Well, I think Harrington completely supports Mr. Davidson's argument and completely supports what the district judge did here. Because Harrington is saying, let's assume that Harrington's, let's assume that there's a reasonable adjudication, that that adjudication is presumed to be on the merits. That's probably, I don't think that's exactly what it says because it doesn't have to address that particular, a case where there is a reasoned decision. But I think that it's probably fair to say that that's what the Supreme Court would find. They said, but it's a rebuttable presumption. And they make it clear, they say there's many ways that possibly that could be done. They also say, they also cite the, I can't pronounce it, but the  Ilse. Ilse. We looked it up. Which is saying look back would be okay as well. But I think that the important thing in the decision says, you look at all the facts and circumstances, and here we have the court of appeal opinion itself. And I believe that if you go through what the court said, that they are saying directly that they did not decide the issue that I raised. Which was, is this an issue where under Bruton you don't, the judge doesn't have the discretion to describe testimony. You're saying they didn't decide it at all. I think you're right. You either have to say they didn't decide it at all, or if they did decide it was on the merits. I think that's the choice here. And that's, that frankly is my understanding of the case as well. Okay. All right. Thank you, counsel. The case of Davidson versus Vasquez is submitted, and we'll take up United States versus Parker.
judges: Kavanaugh, Fletcher B. , Wardlaw